IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 JUN -9 AM 9: 13

DEPUTY CLERK_____

CARLOS GARZA, JR.,  §
　　　　　　　　　　　§
　　　Petitioner,　　§
　　　　　　　　　　　§
v.　　　　　　　　　　§　　2:16-CV-189
　　　　　　　　　　　§
LORIE DAVIS, Director,　§
Texas Department of Criminal Justice,　§
Correctional Institutions Division,　§
　　　　　　　　　　　§
　　　Respondent.　　§

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State

Custody filed by petitioner CARLOS GARZA, JR. By his habeas application, petitioner

challenges his April 1, 2013 conviction, following a bench trial, for the offense of aggravated

assault with a deadly weapon out of the 320th Judicial District Court of Potter County, Texas, and

a 25-year sentence assessed for that conviction. *State v. Garza*, No. 65,731-D.

I.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States

for the following reasons:

　　1.　　Trial counsel was ineffective for:

　　　　a.　Failing to conduct an independent investigation and hire an investigator;

　　　　b.　Relying solely on the District Attorney's investigation;

1

  c. Being overly focused on Garza accepting a plea bargain;

  d. Showing a lack of interest in Garza's case;

  e. Failing to enter an audio recording as evidence;

  f. Breaching attorney-client confidentiality;

  g. Giving Garza erroneous advice;

  h. Abandoning Garza after the sentencing phase concluded;

  i. Failing to obtain a statement from witnesses and the victim;

  j. Failing to spend a sufficient amount of time discussing trial strategy with Garza;

  k. Failing to point out that witnesses gave contradicting testimony;

  l. Failing to object to the Assistant District Attorney leading the witnesses; and

  m. Failing to address that Garza's mother was coerced into testifying.

2. Appellate counsel was ineffective for:

  a. Never contacting Garza;

  b. Only raising the issue of factually insufficient evidence; and

  c. Being biased against Garza.

Pet. for a Writ of Habeas Corpus by a Person in State Custody, ECF No. 3, at 6–7, 11–13.

## II.
## TIME BAR

On November 11, 2016, respondent filed a motion to dismiss petitioner's federal habeas application asserting the application should be dismissed as time barred. In its motion, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal

habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. The Court will not repeat the law here.

The undersigned makes the following findings:

1. Petitioner's conviction became final on January 8, 2013, when his time to file a writ of certiorari with the Supreme Court expired.

2. The Seventh Court of Appeals affirmed petitioner's conviction on April 4, 2014.

3. Petitioner's petition for discretionary review was refused by the Texas Court of Criminal Appeals and his motion for rehearing was denied on October 10, 2014.

4. Petitioner filed a state writ application on July 23, 2015, in cause number 65,731-01-D.

5. The Texas Court of Criminal Appeals denied petitioner's state writ without written order on November 4, 2015.

6. Petitioner's federal habeas corpus petition was due on or before April 25, 2016, unless the limitations period was statutorily or equitably tolled.

7. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the year prior to the filing of his state and federal habeas corpus petition and made retroactive to cases on collateral review.

8. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

9. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

10. The earliest date petitioner's federal habeas corpus application could be considered filed is August 26, 2016, the date petitioner signed his petition and the earliest date it could have been placed in the prison mailing system.

11. Petitioner's federal habeas corpus application was filed after the expiration of the statute of limitations and is time barred.

Petitioner has offered no evidence to support his allegation of actual innocence or of constitutional error with new, reliable evidence in light of which no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Dawson v. Stephens*, 637 Fed. App'x. 141, 142 (5th Cir. 2016) (citing *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). While courts have some discretion to grant equitable tolling, the arguments advanced by petitioner do not rise to the rare and exceptional circumstances standard under the law of the Fifth Circuit and do not warrant or authorize this Court to grant equitable tolling.

## V.
## RECOMMENDATION

For the reasons set forth herein and in respondent's Motion to Dismiss, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss be GRANTED and the petition for a writ of habeas corpus filed by petitioner CARLOS GARZA, JR. be DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___*7th*___ day of June 2017.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

4

## *<u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. Petitioner. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. Petitioner. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. Petitioner. 72(b)(2); *see also* Fed. R. Civ. Petitioner. 6(defendant).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).